

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] RICARDO BETANCOURT-MUNOZ<br>A/K/A "TOMMY",<br>[2] JOSE RAMON PARRA-BOTERO<br>A/K/A "FLECHA",<br>[3] WILLIAM GARZON A/K/A "WILO",<br>[4] CARLOS MAESTRE-ASTACIO<br>A/K/A "FLECHIMONO",<br>[5] MANUEL DE JESUS CEDENO-VILORIO,<br>[6] MIGUEL ANGEL BUILES-MEJIA<br>A/K/A "Migue",<br>[7] JOSE GOMEZ-CUBERO,<br>[8] JOSE I. VALENTIN-LOPEZ A/K/A<br>"NEGRO",<br><br>Defendants. | CRIMINAL NO. 10 - 113 (CCC)<br><br>VIOLATIONS:<br>TITLE 18, United States Code,<br>Sections 2 and 1956(a)(1)(A), (B) & (h)<br><br>(Five Counts and One Forfeiture Allegation) |

THE GRAND JURY CHARGES:

INDICTMENT

COUNT ONE

(Conspiracy to commit money laundering)
18 U.S.C. § 1956(h)

Beginning in or about January, 2007, and ending in or about January, 2008, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, the defendants,

[1] RICARDO BETANCOURT-MUNOZ A/K/A "TOMMY",
[2] JOSE RAMON PARRA-BOTERO, A/K/A "FLECHA",
[3] WILLIAM GARZON A/K/A "WILO",
[4] CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO",
[5] MANUEL DE JESUS CEDENO-VILORIO,

United States v. [1] Ricardo Betancourt-Munoz, et. al.,
Indictment
Page 2

[6] MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue",
[7] JOSE GOMEZ-CUBERO,
[8] JOSE I. VALENTIN-LOPEZ A/K/A "NEGRO",

did knowingly combine, conspire, and agree with each other and other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) to knowingly conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to

conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) to knowingly conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substance Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy that the defendants, together with their co-conspirators, would engage in financial transactions with proceeds generated by drug trafficking activities, in order to repatriate drug proceeds, which were located in the United States, to Colombia the source country of the narcotics, all for financial gain and profit. The scheme was designed to promote the carrying of the narcotics trafficking, to conceal and disguise the nature, location, source,

United States v. [1] Ricardo Betancourt-Munoz, et. al.,
Indictment
Page 4

ownership, and control of the narcotics proceeds, and to avoid the reporting requirements.

**MANNER AND MEANS USE IN FURTHERANCE OF THE CONSPIRACY**

The manner and means used to accomplish the objects of the conspiracy included the following:

1. It was part of the manner and means of the conspiracy that the defendants and their co-conspirators would recruit individuals to conduct currency pick-ups with narcotics traffickers in the United States. The purpose of the currency pick-ups was to settle the debt between distributors of the narcotics in the United States, and those individuals that owned the narcotics in Colombia.

2. If was further a part of the manner and means of the conspiracy that once the currency pick-ups occurred, narcotics proceeds were introduced into the financial system by breaking up the large amounts of cash into less conspicuous smaller amounts that were deposited directly into a bank account, or by purchasing a series of monetary instruments that were then collected and deposited into accounts at another location.

3. It was further part of the manner and means of the conspiracy that the individuals that owned the narcotics in Colombia would utilize a Colombian "peso broker" to contact his counterpart in the United States. The United States "peso broker" would receive the narcotics proceeds from the aforementioned accounts, thereby placing into the United States banking system, while the Colombian "peso broker" would offer the dollars to Colombian importers in need of U.S. goods. In exchange for the Colombian importer's pesos, the importer used the U.S. dollars to buy U.S. goods that were delivered into Colombia. Once the importer received the U.S. goods, the importer paid the Colombian "peso broker" for the goods in Colombian pesos. The Colombian peso broker then returned the pesos bought from the Colombian importer back to the Colombian narcotics

owner.

The Grand Jury hereby incorporates by reference Counts Two through Five of this Indictment and designates them as overt acts of this conspiracy.

All in violation of Title 18, United States Code, Sections 1956(h).

## COUNT TWO

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2

On or about February 7, 2007, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendants

[1] **RICARDO BETANCOURT-MUNOZ A/K/A "TOMMY,"**
[2] **JOSE RAMON PARRA-BOTERO A/K/A "FLECHA,"**
[3] **WILLIAM GARZON A/K/A "WILO,"**
[4] **CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO,"**
[5] **MANUEL DE JESUS CEDENO-VILORIO,**

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Sections 841 and 846, in the amount of two-hundred and fourteen thousand, two-hundred and ten dollars ($214,210.00) in U.S. Currency, knowing that the transaction was designed in whole or in part to promote the carrying on of the specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds

of said specified unlawful activity; and to avoid a transaction reporting requirement under State or Federal law and while conducting and attempting to conduct such financial transaction, the defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and 2.

## COUNT THREE

**(Money laundering)**
**18 U.S.C. §§ 1956(a) and 2**

On or about February 8, 2007, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendants

[1] **RICARDO BETANCOURT-MUNOZ A/K/A "TOMMY",**
[2] **JOSE RAMON PARRA-BOTERO A/K/A "FLECHA",**
[3] **WILLIAM GARZON A/K/A "WILO",**
[7] **JOSE GOMEZ-CUBERO,**

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Sections 841 and 846, in the amount of two-hundred and fourteen thousand, two-hundred and ten dollars ($214,210) in U.S. Currency, knowing that the

transaction was designed in whole or in part to promote the carrying on of the specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting requirement under State or Federal law and while conducting and attempting to conduct such financial transaction, the defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and 2.

## COUNT FOUR

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2

On or about February 14, 2007, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendants

> [1] RICARDO BETANCOURT-MUNOZ A/K/A "TOMMY",
> [2] JOSE RAMON PARRA-BOTERO A/K/A "FLECHA",
> [6] MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue",
> [7] JOSE GOMEZ-CUBERO,

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Sections 841 and 846, in the amount of three-hundred and

forty-seven thousand, six-hundred and eighty-eight dollars and fourteen cents ($347,688.14) in U.S. Currency, knowing that the transaction was designed in whole or in part to promote the carrying on of the specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting requirement under State or Federal law and while conducting and attempting to conduct such financial transaction, the defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and 2.

## COUNT FIVE

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2

On or about February 15, 2007, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendants:

> [1] RICARDO BETANCOURT-MUNOZ A/K/A "TOMMY",
> [2] JOSE RAMON PARRA-BOTERO A/K/A "FLECHA",
> [4] CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO",
> [6] MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue",
> [8] JOSE I. VALENTIN-LOPEZ A/K/A "NEGRO",

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set

forth in Title 18, United States Code, Sections 841 and 846, in the amount of fifteen thousand dollars ($15,000.00) in U.S. Currency, knowing that the transaction was designed in whole or in part to promote the carrying on of the specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting requirement under State or Federal law and while conducting and attempting to conduct such financial transaction, the defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and 2.

## FORFEITURE ALLEGATION

### (Money Laundering Forfeiture Allegation)
### 18 U.S.C. § 982

Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant convicted of any of Counts One through Five of this Indictment, as a result of violations incorporated herein by reference, shall forfeit to the United States the following property:

A. All right, title, and interest in any and all property involved in each offense in violation of 18 U.S.C. § 1956, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was involved in, or proceeds of, said offense; 2) all commissions, fees and other property constituting proceeds obtained as a result of those offenses; and 3) all property used in any manner to commit or to facilitate the commission of those offenses, including, but not limited to,

United States v. [1] Ricardo Betancourt-Munoz, et. al.,
Indictment
Page 10

(1) A sum of money equal to $877,953.14 in United States currency, representing the amount of proceeds and money involved in the offenses charged in Counts One through Five of this Indictment.

(2) Pursuant to Title 21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, or any portion thereof, if the property described in paragraph 1 cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure. These substitute properties may include, but would not be limited to,

A.   On urban lot, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Cotto, Km. 5 , HM4, Calle José Cheo Gómez, Isabela, Puerto Rico, more particularly described as:

RÚSTICA: radicado en el barrio Cotto del termino municipal de Isabela, Puerto Rico, marcada con el numero 3 en el Plano de inscripción y con una cabida superficial de 809.648 metros cuadrados, en lindes al norte con el solar marcado con el número 4 en el plano de inscripción; al sur con una faja de terreno dedicada al público; al este con el solar marcado con el número 2 en el plano de inscripción. Comparecen: Don José Gómez Cubero y su esposa Doña Aida Luz Román Iglesias, mayores de edad, propietarios, vecinos y residentes de Isabela, Puerto Rico. Adquirieron la antes descrita propiedad por título de compra mediante la escritura de segregación y compraventa #255, otorgada el 27 de diciembre de 1979, ante el notario Benjamín Juarbe Martínez.

Finca 13,259 inscrita al Folio 13 del Tomo 258 de Isabela, Registro de la Propiedad de Ponce, Puerto Rico.

REGISTERED OWNER: José GOMEZ-CUBERO.

TRUE BILL

FOREPERSON
Date: Apr 13, 2010

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

JOSE A. RUIZ-SANTIAGO
Assistant United States Attorney
Chief, Criminal Division
Date: 4/13/10

TIMOTHY HENWOOD
Assistant United States Attorney
Acting Deputy Chief, Narcotics Unit
Date: 4-12-10

COURTNEY L. COKER
Assistant United States Attorney
Date: 4-12-10